IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO: 3:15-cv-00036

JANE DOE )
 )
    Plaintiff, )
v. )
 )
ALAN CLONINGER, in his )
individual and official capacity as )
Sheriff of Gaston County, )
 )
    Defendant. )
 )

## ORDER

**THIS MATTER** is before the Court on Plaintiff's Motion to Proceed Anonymously (Doc. No. 2), Defendant's Motion to Dismiss (Doc. No. 9), and Plaintiff's Motion for Leave to File Amended Complaint (Doc. No. 14).

## I. BACKGROUND

Plaintiff filed this Complaint[1] on January 20, 2015 asserting violations of the First and Fourteenth Amendments of the U.S. Constitution under 42 U.S.C. § 1983 and 42 U.S.C. § 1981. The Complaint alleges that, on January 21, 2012, Plaintiff stopped at a McDonald's in Gastonia, North Carolina. When she attempted to pay for food using a one hundred dollar bill, an employee told her that it was "not good." When she requested the bill back, the manager took her identifying information and asked her to wait. Soon thereafter, a Gastonia police officer arrived, examined the

---

[1] Unless otherwise noted, the facts in this section are drawn from Plaintiff's Complaint. (Doc. No. 1).

1

bill, determined that it was fake, and arrested Plaintiff. Plaintiff was taken to the Gaston County Jail.

The Complaint asserts that Plaintiff is a twenty-six-year-old citizen of Saudi Arabia who was in the United States on a student visa, and that English is not her first language. She is also an observant Muslim who wears a hijab, and believes that removing the hijab in public or in the presence of unrelated males is against her religion. The Complaint alleges that, after she was booked at the Gaston County Jail, Plaintiff was questioned about how long she had been in the country and why she was in North Carolina. She was then asked to remove her jacket, shoes, and her hijab. Plaintiff objected to removing the hijab and asked if it could be removed in a private room away from men. Her request was denied, and she was required to remove the hijab in the presence of male officers. She was also photographed without her hijab, and the picture was placed on the Sherriff's Department website and subsequently reposted on a number of various media websites.

At some point after being photographed, Plaintiff's handcuffs were removed and she was told that she was free to go. The arresting officer subsequently appeared, acknowledged that the bill was not fake, and repeatedly apologized to the Plaintiff. Plaintiff was given a court date of January 23, 2012, but told that she did not need to appear. Plaintiff, who lived in Knoxville, Tennessee at the time, drove to the hearing and appeared anyway. At some point during the day, a prosecutor told her that the case against her was being dismissed, and the two felony charges for possessing and attempting to pass counterfeit currency would be dropped. Since then, Plaintiff alleges that she has experienced considerable anguish and physical and emotional distress. She also alleges that she has had difficulty re-entering the country due to her arrest record.

## II. DISCUSSION

**A. Motion to Proceed Anonymously and for Protective Order**

Contemporaneous with her Complaint, Plaintiff filed a motion asking that she be allowed to proceed in this case anonymously and for a protective order. (Doc. No. 2). Generally, Federal Rule of Civil Procedure 10(a) requires that the "title of the complaint must name all the parties." However, the Fourth Circuit has recognized that "under appropriate circumstances, anonymity may, as a matter of discretion, be permitted." *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). "This simply recognizes that privacy or confidentiality concerns are sometimes sufficiently critical that parties or witnesses should be allowed this rare dispensation." *Id.* When presented with such a request, courts have "a judicial duty to inquire into the circumstances of particular cases," and must weigh this determination against "the general presumption of openness of judicial proceedings." *Id.* A number of factors are typically considered when making such a determination:

> whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; the ages of the persons whose privacy interests are sought to be protected; whether the action is against a government or private party; and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* The Court has reviewed the Complaint and Plaintiff's motion in light of these factors and finds that this case does not merit this "rare dispensation."

The reasons why Plaintiff seeks to proceed anonymously in this case are somewhat difficult to ascertain from the motion. Her stated reasons for seeking to maintain anonymity are "because of the unique risks that she faces as a result of the proposed online disclosure of her religious beliefs," (*see* Doc. No. 3 at 4), and that "publicizing her name in conjunction with potential

3

worldwide publication of the tenants [sic] of her religion would provide a greater opportunity for individuals who wish to harm her to do so," (*see id.*). The Court struggles, however, to imagine how the disclosure of one's religious beliefs themselves constitutes a matter that is sensitive and highly personal in nature. Neither the motion nor Plaintiff's affidavit demonstrate that Plaintiff is embarrassed about her religion or its tenets, or that she would experience harm if the public were aware of her religious beliefs.

Instead, the Court takes Plaintiff's assertion to mean that she is embarrassed about *this incident* and wishes not to have her name further associated with it. This is reflected in the affidavit:

> 15. If I am required to identify myself as the person in these websites, I fear that I will be doing to myself what the Defendant caused to happen to me in 2012 and 2013, namely, the publication of harmful images associated with my name.
>
> 16. I wish to remain anonymous because I do not wish to further embarrass and subject myself to ridicule and scorn among my peers and friends.

(Doc. No. 3 at 9). Having reviewed these contentions, the Court finds that the harm Plaintiff seeks to avoid by proceeding anonymously is merely the annoyance and criticism that attends any litigation. The Court takes very seriously the harm alleged by Plaintiff in this case; however, nothing in the Complaint leads the Court to believe that she would experience retaliatory physical or mental harm if she is identified as the Plaintiff. The motion does reference the possibility of "individuals who wish to harm her," but does not assert that there are, in fact, individuals who wish to harm Plaintiff over this incident, or that she has received threats or been the subject of any kind of intimidation. Without more concrete support for these assertions, the Court cannot find that this case poses the type of harm contemplated by the Court of Appeals, or that usually warrants this rare dispensation. The Court also notes that part of the harm alleged in this case is the fact that

Plaintiff's image was posted publically; thus the subject matter of this dispute is inherently public rather than "highly personal" in nature.

The Court must also weigh the risk of unfairness to the Defendant by allowing Plaintiff to proceed anonymously. The Court notes that the Complaint alleges harmful and discriminatory acts on the part of Defendant. Faced with allegations such as these, and where the Plaintiff's credibility and factual knowledge will likely play a key role in the outcome of the case, the Defendant has a powerful interest in knowing the identity of his accuser. Otherwise, "[i]f the Court allowed Plaintiff to proceed as 'Jane Doe,' [Defendant] would be 'required to defend itself publicly while plaintiff could make her accusations from behind a cloak of anonymity.'" *Jane Doe v. N.C. Central Univ.*, 1999 WL 1939248 (M.D.N.C. Apr. 15, 1999) (quoting *Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996)). Put simply, "[i]t is not appropriate for Plaintiff to 'use her privacy interests as a shelter from which she can safely hurl these accusations without subjecting herself to public scrutiny.'" *Id.* (quoting *Doe v. Indiana Black Expo., Inc.*, 923 F. Supp. 137, 142 (S.D. Ind. 1996)). For these reasons, the Court finds that Plaintiff has not made a sufficient showing to overcome "the general presumption of openness of judicial proceedings," *James*, 6 F.3d at 238. Nor has she shown good cause for a protective order. As such, her motion will be denied.

### B. Motion to Amend

Plaintiff also seeks leave to file an amended complaint to add facts supporting her claims. (Doc. No. 14-1). Pursuant to Federal Rule of Civil Procedure 15, a party may amend its pleading once as a matter of course so long as the amendment occurs within 21 days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f). FED. R. CIV. P. 15(a). Subsequent amendments are permitted "only with the opposing party's written consent or the court's leave." *Id.* The Rule further instructs that "[t]he court should freely give leave when justice so requires."

*Id.* The Fourth Circuit has interpreted Rule 15(a) "to provide that 'leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" *Laber v. Harvey*, 438 F.3d 404, 426-27 (4th Cir. 2006) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). Delay alone is insufficient for denial of a motion to amend. *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980). As to futility, "[l]eave to amend . . . should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510 (citing *Davis*, 615 F.2d at 613).

Defendant opposes this request on the grounds of futility and reiterates the arguments presented in his motion to dismiss (Doc. No. 9). Having reviewed the proposed amended complaint, however, the Court cannot find that the amendment would be "clearly insufficient or frivolous." Rather, Plaintiff seeks to add additional facts which are pertinent to her claims and will no doubt be helpful for resolving her case. Defendant, of course, is free to file another motion to dismiss if he so chooses; at this early stage, however, Defendant's contentions do not warrant departure from the general rule that motions for leave to amend "should be granted liberally," *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008).

**IT IS THEREFORE ORDERED** as follows:

1. Plaintiff's Motion to Proceed Anonymously and for Protective Order (Doc. No. 2) is **DENIED**.
2. Plaintiff's Motion for Leave to File Amended Complaint (Doc. No. 14) is **GRANTED in part**. Plaintiff is granted leave to file her proposed amended complaint; however that complaint must include her name. Plaintiff is instructed to file her amended complaint within seven (7) days of the date of this order.

3. Defendant's Motion to Dismiss (Doc. No. 9) is **DENIED as MOOT**.

**SO ORDERED.**

Signed: July 17, 2015

*[signature]*

Graham C. Mullen
United States District Judge